IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11CV154-MOC-DSC

| | |
|---|---|
| DEBORAH SUMLIN, Individually and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>CREDIT ALLIANCE GROUP, INC., et. al.,<br><br>    Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Class Action Complaint or, in the Alternative, to Transfer Venue" (document #6) filed July 7, 2011, and the parties' associated briefs and exhibits. See documents ## 6, 11 and 13.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, and having consulted with the chambers of the Honorable Max O. Cogburn, Jr. (the District Judge to whom this matter is assigned), the Court grants the alternative relief sought in Defendants' Motion and transfers venue in this matter to the United States District Court for the Northern District of Texas.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is a class action to recover damages under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679 et. seq., as well as state law.

The parties' contract which is the subject of their present dispute contains the following clause:

> **Choice of Law and Jurisdiction**. In the event of any dispute regarding this AGREEMENT including but not limited to services fees and costs, CLIENT and COMPANY agree that venue of resolution shall be in the county and city of Dallas, Texas. Both COMPANY and CLIENT agree that the laws of the State of Texas shall govern any disputes arising from this AGREEMENT.

Dallas is located within the Northern District of Texas.

On July 7, 2011, Defendants filed their "Motion to Dismiss Class Action Complaint or, in the Alternative, to Transfer Venue [to the United States District Court for the Northern District of Texas]" (document #6).

Defendants' Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

The contract which is the subject of this action contains a clear and unequivocal forum selection clause. The parties agreed that any litigation would occur in a court sitting in Dallas, Texas. Forum selection clauses are prima facie valid and should be enforced when they result from arms-length transactions, absent some compelling reason to disregard them. See, e.g., M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-12 (1972); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996); Sterling Forest Assoc. v. Barnett-Range Corp., 840 F.2d 249, 251 (4th Cir.1988); and Perkins v CCH Computax, Inc., 333 N.C. 140, 146, 423 S.E.2d 780, 784 (1992) ("the validity and enforceability of forum selection clauses in North Carolina is consistent with the North Carolina rule that recognizes the validity and enforceability of choice of law and consent to jurisdiction provisions... [and therefore we] hold that forum selection clauses are valid in North Carolina").

A forum selection clause is generally binding and will be enforced unless enforcement is "unreasonable under the circumstances." Bremen, 407 U.S. at 10. A choice of forum provision may be found unreasonable if (1) its formation was induced by fraud or overreaching; (2) the

complaining party "will for all practical purposes be deprived of his day in court" due to inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). Accord Allen, 94 F.3d at 928; Sterling Forest, 840 F.2d at 251; and Mercury Coal & Coke v. Mannesmann Pipe and Steel, 696 F.2d 315, 317-18 (4th Cir.1982) (applying Bremen in non-admiralty claim).

In order to successfully challenge a forum selection clause under the inconvenience or unfairness element, a party must show that the specified forum is so seriously inconvenient that it would be deprived of an opportunity to participate in the adjudication. Mercury Coal& Coke, Inc., 696 F.2d at 317.

The burden to overcome the presumption of validity is on the party who seeks to have the case adjudicated in a forum other than the one selected in the clause. Tuscan Downs, Inc. v. Culinary Sch. of Fort Worth, 2010 U.S. Dist. LEXIS 88461, at *8 (E.D. N.C. Aug. 26, 2010) (citing Haynsworth v. The Corporation, 121 F.3d 956, 966 (5th Cir. 1997) (forum selection clauses are considered prima-facie valid, carrying a "strong presumption of enforceability.")). Plaintiff has not shown that the forum selection clause was included in the contract through fraud or overreaching, or that transfer to the Northern District of Texas will deprive her of her day in court, result in fundamental unfairness, or violate a strong public policy of either state.

Rather than establishing grounds to avoid the forum selection clause, Plaintiff has simply asserted that she will have to bear additional burden and expense if required to litigate in Texas. This is inadequate to overcome an otherwise valid forum selection clause. Accord Bremen, 407 U.S. at 10; and Carnival, 499 U.S. at 595.

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. "Defendants' Alternative [Motion] to Transfer Venue" (document #6) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court for the United States District Court for the Northern District of Texas.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: August 11, 2011

David S. Cayer
United States Magistrate Judge